# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SEARS AUTHORIZED HOMETOWN STORES, LLC, a Delaware limited liability company, | Case No. 3:18-cv-1142-SI |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, AND ORDER FOR PROVISIONAL PROCESS** |
| v. | |
| SIX AND TWO LLC, an Oregon limited liability company; C.O. Sears Hometown Stores LLC, an Oregon limited liability company; and HEIDI LEE WOOD, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

This matter came before the Court on Plaintiff Sears Authorized Hometown Stores, LLC's ("Sears Hometown") Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue Against Defendants, and Motion for an Order for Provisional Process—Replevin and Claim and Delivery (the "Motions").

Based upon the record in this case, including the Declarations of Robert Sanstra, Mike Jordison, Molly Hill-Woodworth, Richard Jaschke, Lisa Lizotte, David Albertson, Susan S. Ford and supporting exhibits, the Court finds that Sears Hometown is likely to succeed on the merits

of its breach of contract conversion and replevin claims, and if Defendants are not immediately restrained as set forth in this Order, Sears Hometown will be irreparably harmed as follows: (1) lost goodwill and benefits of the relationships established with customers and prospective customers; (2) damaged reputation; and (3) substantial diminishment or destruction or dissemination of confidential and proprietary business information. Damages to goodwill, reputation, and confidential and proprietary business information are harms that are difficult to quantify, not easily compensable, and therefore constitute irreparable harm. In addition, there is a serious risk of irreparable harm to the public, namely Sears Hometown's customers, if Defendants are not immediately restrained as set forth in this Order.

The Court further finds that the balance of the equities favors Sears Hometown in this case because the property and information at issue is likely owned entirely by Sears Hometown and Defendants do not appear to have any ownership interest in the property. A temporary restraining order also is in the public interest because the public interest favors protecting property and confidential information and ensuring that property is returned to its rightful owner. Therefore, an immediate temporary restraining order is warranted.

An order of provisional process granting replevin and claim and delivery against Defendants of all Merchandise (as defined in Plaintiff's Motions), including all snow-throwers, and all cash proceeds of all sales of all Merchandise, wherever such Merchandise and cash may be located, including, without limitation, all Merchandise within the Sears Hometown Stores in Bend and Madras, Oregon and at Wood's personal residence, is also warranted as Sears Hometown has shown a likely superior property interest in the Merchandise, snow-throwers, and cash proceeds of sales of all Merchandise, and is entitled to an accounting of all such property and cash and immediate possession thereof.

Accordingly, it is ORDERED:

1. Within five calendar days of the entry of this Order, Defendants shall grant Sears Hometown access to the Prineville, Bend, and Madras stores and any and all physical files, equipment, and devices containing the Confidential Information (as defined in Plaintiff's Motions), including (1) the registers and all computers located at the Stores; (2) any and all credit card processing devices; and (3) any and all computers and servers from the Stores in Defendants' possession, custody, or control, to enable Sears Hometown to purge any Confidential Information.

2. Within five calendar days of the entry of this Order, Defendants shall cause all locks placed on the Madras and Bend Stores by Defendants to be removed, and Defendant shall facilitate, and in no way impair or impede, Sears Hometown's access to the Stores to take possession of and remove the Merchandise and other property owned by Sears Hometown located at the Stores. If such locks are not removed within five calendar days of the Court's Order, Plaintiff shall be permitted to and are hereby authorized to remove the locks. In addition, Defendants shall account for and shall turn over and deliver to Sears Hometown any and all Merchandise, snow-throwers, cash proceeds from the sale of Merchandise and all other property owned by Sears Hometown kept at or removed to any location whatsoever by Defendants, including Wood's residence address.

3. Plaintiff, through its legal counsel, and Defendant Wood shall cooperate and jointly inspect the relevant premises within five calendar days. For all property that the parties agree belongs to Wood, Wood shall be allowed to remove that property in the presence of a representative from Plaintiff's legal counsel, but the parties shall maintain and exchange a written inventory of that property. For all property that the parties agree belongs to Plaintiff,

Plaintiff shall be allowed to remove that property in the presence of Wood, but the parties shall maintain and exchange a written inventory of that property. For all property that the parties cannot agree about ownership, Plaintiff shall be allowed to remove that property in the presence of Wood, but shall segregate that property, maintain its condition, and the parties shall maintain, exchange, and file with the Court a written inventory of that disputed property. The Court will address the disputed property at the next hearing. If any disputed property consists of computers that Wood contends belong to her, Wood shall allow Plaintiff's computer forensic expert to obtain a mirror image of all stored memory, including the hard-drive.

4.      Defendants and their employees, other agents, and all persons in active concert with them shall not access, use or disclose any Confidential Information.

5.      Plaintiff may at any time seek the assistance of law enforcement to enforce the terms of this Order or to ensure there is no breach of the peace in performing its provisions.

6.      Defendants are ordered to appear in person in Courtroom 15B of the United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, OR 97204, on **Thursday, August 2, 2018**, 1:00 p.m. to show cause why a preliminary injunction should not issue so that the order requested above continues and remains in effect while this action is pending.

7.      Service of this Order shall be effective upon Plaintiff's transmission of this Order to Defendants at an email address to be provided by Defendant Wood.

8.      This Order shall expire at the date and time set forth in paragraph 6 above, unless extended by further order of the Court.

8.      Pursuant to Rule 65(c), Plaintiff is required to post a bond with the Clerk of the Court in the amount of $2,000.00.

**IT IS SO ORDERED.**

DATED this 12th day of July, 2018 at 12:00 noon.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge